1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

KIONA SMILEY,

         Plaintiff,

    v.

JP MORGAN CHASE,

         Defendant.

Case No. 14-cv-01651 NC

**ORDER GRANTING APPLICATION
TO PROCEED IN FORMA
PAUPERIS; DISMISSING WITH
LEAVE TO AMEND**

Re: Dkt. Nos. 1, 2

     Pro se plaintiff Kiona Smiley requests permission to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915. Dkt. No. 2. Because she has demonstrated her inability to pay the filing fees necessary to pursue litigation, the Court grants plaintiff's IFP application. But plaintiff has failed to state a claim upon which relief can be granted, and has failed to allege facts supporting federal subject matter jurisdiction. The Court therefore dismisses her complaint with leave to amend under 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

     Plaintiff brings this action alleging negligence, breach of contract, unfair business practices, fraud and deceit, and slander. Dkt. No. 1. She alleges that defendant foreclosed on her property while she was "awaiting status of [a] modification," presumably of her

mortgage.  Plaintiff alleges that Chase knew plaintiff's address but "kept corresponding with a vacant house."  *Id.*  Plaintiff further alleges that Chase "reacted without thinking," took "negligent actions," and committed "grand larceny," but does not specify what facts support those allegations.  *Id.*  Plaintiff states that her "demand started at $329,000.00 [but] now it's at $3.9 Million Dollars."  *Id.*

Plaintiff has consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor."  A district court must dismiss the complaint of an IFP applicant if it determines that the complaint is frivolous or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).  A complaint is frivolous for purposes of 28 U.S.C. § 1915 if it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke*, 490 U.S. at 324.

A court may also dismiss the complaint if the plaintiff fails to state a "basis for federal subject matter jurisdiction."  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  In most cases, original federal subject matter jurisdiction may be premised on two grounds: (1) diversity jurisdiction, or (2) federal question jurisdiction.  District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizen of a State or of different States."

1  28 U.S.C. § 1332.

2   District courts also have federal question jurisdiction over "all civil actions arising

3  under the Constitution, laws, or treaties of the United States." *Id.* § 1331.  A case "arises

4  under" federal law if the complaint establishes "either that federal law creates the cause of

5  action or that the plaintiff's right to relief necessarily depends on resolution of a substantial

6  question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th

7  Cir. 2009) (citations omitted).  Federal jurisdiction exists only when a federal question is

8  presented on the face of the plaintiff's properly pleaded complaint.  *Provincial Gov't of*

9  *Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1091 (9th Cir. 2009).

10   A plaintiff bringing a claim for fraud must plead "with particularity the circumstances

11  constituting fraud or mistake." Fed. R. Civ. P. 9(b).  The pleading must "be specific enough

12  to give defendants notice of the particular misconduct . . . so that they can defend against

13  the charge and not just deny that they have done anything wrong." *Sanford v.*

14  *Memberworks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010).  To avoid dismissal, "the complaint

15  must describe the time, place, and specific content of the false representations and identify

16  the parties to the misrepresentations." *NavCom Tech., Inc. v. Oki Elec. Indus. Co., Ltd.*, No.

17  12-cv-04175 EJD, 2014 WL 991102, at *4 (N.D. Cal. Mar. 11, 2014).

18   Where a litigant is acting pro se and the court finds the litigant's complaint frivolous

19  within the meaning of 28 U.S.C. § 1915(e)(2)(B), the pro se litigant "must be given leave to

20  amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear

21  that the deficiencies of the complaint could not be cured by amendment." *Cato*, 70 F.3d at

22  1106.

23  ### III. DISCUSSION

24   Smiley has shown in her IFP application, Dkt. No. 2, that she is unable to pay the

25  filing fee required to file a complaint in district court.  However, her complaint must be

26  dismissed for two reasons.

27   First, the complaint is almost completely devoid of any factual allegations and is thus

28  insufficient to demonstrate that this Court has subject matter jurisdiction over this case.  The

1  complaint fails to allege the citizenship of all relevant parties or facts supporting the amount
2  in controversy, allegations necessary to establish diversity jurisdiction.  Nor has Smiley
3  alleged that any defendant has violated her federal rights.  The complaint does not refer to
4  any federal law and fails to identify any constitutional or statutory basis for her claims.  The
5  complaint therefore does not demonstrate a basis for either diversity or federal question
6  jurisdiction.

7  Second, while the complaint makes vague references to negligence, it is impossible to
8  determine what the conduct is that constitutes the basis for the alleged violations of law.
9  The complaint does not allege whether Smiley was improperly denied a loan modification,
10  whether she was dual tracked, or why a foreclosure on her property was in violation of the
11  law.  She also fails to allege facts supporting the amount of damages she seeks.

12  Accordingly, the Court dismisses Smiley's complaint for lack of subject matter
13  jurisdiction, and because the complaint is frivolous and fails to state a claim upon which
14  relief can be granted.  However, given Smiley's pro se status and because it is not
15  absolutely clear that the deficiencies of the complaint could not be cured by amendment, the
16  Court grants Smiley leave to amend her complaint.

17  ### IV. CONCLUSION

18  For the reasons described, the Court grants plaintiff's application to proceed in forma
19  pauperis.  The Court dismisses plaintiff's complaint with leave to amend within 28 days of
20  this order.

21  The Court advises plaintiff that there are additional resources available.  First,
22  plaintiff may wish to obtain a copy of the district court's Handbook for Litigants Without a
23  Lawyer.  It provides instructions on how to proceed at every stage of a case, including
24  discovery, motions, and trial.  The handbook is available in person at the Clerk's Office
25  and at http://cand.uscourts.gov/prosehandbook.

26  Second, Plaintiff may wish to seek assistance from the Legal Help Center, a free
27  service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing
28  up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450

1  Golden Gate Avenue, San Francisco, California.  At the Legal Help Center, pro se litigants

2  can speak with an attorney who may be able to provide basic legal help but not

3  representation.  More information is available at http://cand.uscourts.gov/helpcentersf.

4       IT IS SO ORDERED.

5       Date: June 10, 2014

6                                              Nathanael M. Cousins
                                               United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28