UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIONA L. SMILEY,<br>   Plaintiff,<br><br>  v.<br><br>JP MORGAN CHASE, et al.,<br>   Defendants. | Case No. 14-cv-01651-NC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 20 |

   This case arises out of the foreclosure on a 2007 mortgage loan taken out by *pro se* plaintiff Kiona Smiley. Pending before the Court is JPMorgan's motion to dismiss the First Amended Complaint for failure to state a claim. For the reasons set forth below, the Court finds that Smiley fails to state a claim upon which relief can be granted, and therefore GRANTS JPMorgan's motion to dismiss the complaint.

**I. BACKGROUND**

   Smiley initially filed a complaint alleging negligence, breach of contract, unfair business practices, fraud and deceit, and slander. Dkt. No. 1. She alleged that JPMorgan foreclosed on her property while she was "awaiting status of [a] modification," presumably of her mortgage. Smiley alleged that JPMorgan knew plaintiff's address but "kept corresponding with a vacant house." *Id.* She further alleged that JPMorgan "reacted without thinking," took "negligent actions," and committed "grand larceny," but failed to specify what facts supported those allegations. *Id.* Plaintiff stated that her "demand started at $329,000.00 [but] now it's at $3.9 Million Dollars." *Id.*

   This Court dismissed Smiley's complaint for failure to state a claim upon which

1    relief can be granted. Dkt. No. 8. Additionally, the Court found that she failed to allege
2    facts supporting federal subject matter jurisdiction. *Id.* The Court granted Smiley's
3    application to proceed in forma pauperis and gave Smiley leave to amend her complaint.
4    *Id.*

5    In her First Amended Complaint, Smiley alleges that JPMorgan violated her due
6    process rights under the Fourteenth Amendment, the Truth in Lending Act, and the Real
7    Estate Settlement Procedures Act. Dkt. No. 12. Smiley alleges that she refinanced the
8    loan on her rental property located in Oakland on May 6, 2007. *Id.* at 3. She alleges that
9    she requested a loan modification on her Oakland rental property in October 2009. *Id.*
10   While waiting for a response to her request, she states that she opened an account with the
11   Stockton, California branch of JPMorgan because it was " the only way [she] can make a
12   payment" on the note to her property. *Id.*

13   Smiley then alleges that some time afterwards she discovered another person living
14   at her Oakland rental property. *Id.* On a later visit to the property, she found a padlock on
15   the gate and learned that her house had been foreclosed upon without notice to her. *Id.*
16   Smiley alleges that she called JPMorgan "a number of times" to find out what happened.
17   *Id.* JPMorgan told her that there was not anything she could do. *Id.* Smiley alleges that
18   JPMorgan never called or wrote to her Stockton home address—where she allegedly
19   lives—concerning the foreclosure. *Id*. at 4. Instead, Smiley states that JPMorgan only
20   contacted her rental property in Oakland. *Id.* Smiley states that she "never had a chance to
21   respond in any kind of way." *Id.* She states that JPMorgan knew she did not live in the
22   Oakland rental property. *Id.* JPMorgan's failure to contact her in Stockton violated her
23   due process rights, as well as RESPA and TILA.

24   Smiley and JPMorgan both consented to the jurisdiction of a magistrate judge under
25   28 U.S.C. § 636(c). Dkt. Nos. 6, 16.

26   **II.  LEGAL STANDARD**

27   A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal
28   sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a

2

1   motion to dismiss, all allegations of material fact are taken as true and construed in the
2   light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-
3   38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are
4   merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re*
5   *Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need
6   not allege detailed factual allegations, it must contain sufficient factual matter, accepted as
7   true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,
8   550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw
9   the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*
10  *v. Iqbal*, 556 U.S. 662, 678 (2009).

11  If a court grants a motion to dismiss, leave to amend should be granted unless the
12  pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203
13  F.3d 1122, 1127 (9th Cir. 2000).

**III. DISCUSSION**

   **A. RESPA Claim**

16  JPMorgan moves to dismiss plaintiff's claim under RESPA on the grounds that it is
17  barred by the statute of limitations and fails to state a claim. Dkt. No. 20 at 7-8.
18  "Congress enacted RESPA to control real estate settlement costs by 'insur[ing] that
19  consumers throughout the Nation are provided with greater and more timely information
20  on the nature and costs of the settlement process and are protected from unnecessarily high
21  settlement charges caused by certain abusive practices that have developed in some areas
22  of the country.'" *Bloom v. Martin*, 865 F. Supp. 1377, 1381 (N.D. Cal. 1994), *aff'd*, 77
23  F.3d 318 (9th Cir. 1996) (quoting 12 U.S.C. § 2601(a) (1989)). "To effectuate these
24  objectives, RESPA requires advance disclosure of settlement costs, the elimination of
25  kickbacks or referral fees, and a reduction of the amount that buyers are required to place
26  in escrow accounts for taxes and insurance." *Id.* (12 U.S.C. § 2601(b) (1989)).

27  Depending on which specific provision of the statute is asserted, a RESPA claim
28  must be made within one to three years "from the date of the occurrence of the violation."

3

12 U.S.C. § 2614; *Blackwell v. Wells Fargo Home Mortg., Inc.*, No. 10-cv-04917 JF, 2011 WL 250436, at *2 (N.D. Cal. Jan. 26, 2011) (the RESPA statute of limitations runs on the date the loan is consummated); *Metcalf v. Drexel Lending Grp.*, No. 08-cv-00731, 2008 WL 4748134, at *9 (S.D. Cal. Oct. 29, 2008) ("Typically, in cases involving loan documents, the statute begins to run when the documents are signed unless evidence is presented to override this assumption.") (citation omitted)). Here, whether the alleged violation took place in 2007 (when Smiley alleges she refinanced her loan) or in 2009 (when Smiley alleges she requested a loan modification), Smiley's RESPA claim is time-barred absent tolling. *See* Dkt. No. 12 at 3.

The circuit courts are split as to whether equitable tolling can apply to RESPA claims, and the Ninth Circuit has not directly considered the issue. Courts within this District deciding the issue have held that equitable tolling is available. *See Spears v. First Am. eAppraiseIt*, No. 08-cv-00868 RMW, 2013 WL 1748284, at *3 (N.D. Cal. Apr. 23, 2013); *Marcelos v. Dominguez*, No. 08-cv-00056 WHA, 2008 WL 1820683, at *6 (N.D. Cal. Apr. 21, 2008). "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Gens v. Wachovia Mortg. Corp.*, No. 10-cv-01073 LHK, 2011 WL 1791601, at *6 (N.D. Cal. May 10, 2011), *aff'd*, 503 F. App'x 533 (9th Cir. 2013) (quoting *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000)). Here, Smiley has not alleged any specific facts stating what formed the basis of her RESPA claim, and how she was unable to obtain vital information relating to that claim until 2014.

Additionally, JPMorgan contends that the complaint does not sufficiently state a claim under RESPA because it does not have any factual allegations suggesting that Smiley suffered pecuniary loss as a result of JPMorgan's alleged RESPA violation. Dkt. No. 20 at 7. RESPA provides that anyone who fails to comply with its provisions shall be liable to the borrower for "any actual damages to the borrower as a result of the failure." 12 U.S.C. § 2605(f)(1). A number of courts within this District have held that, in order to state a claim under RESPA, a plaintiff must allege that they suffered actual, pecuniary

4

damages *as a result* of the RESPA violation. *See, e.g., Tamburri v. Suntrust Mortg.*, Inc., 875 F. Supp. 2d 1009, 1014-15 (N.D. Cal. 2012); *Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009). Here, Smiley states that her "company suffered a big loss," but does not allege how that loss resulted from JPMorgan's alleged violations of RESPA. Therefore, the RESPA claim is dismissed, but Smiley may seek leave to amend.

In short, if Smiley chooses to seek leave to amend this claim, she must point out the specific section of RESPA that forms the basis of her allegations. She must also show how any alleged damages relate to her RESPA claim. Further, Smiley must explain why she was unable to obtain vital information about the RESPA claim until 2014.

### B.   TILA Claim

JPMorgan contends that Smiley's TILA claim should be dismissed as time-barred. The Court agrees.

TILA obligates lenders to make certain disclosures to the borrower relating to finance charges. 15 U.S.C. §§ 1638, 1632. A damages claim for a TILA violation must be brought "within one year from the date of the occurrence of the violation." *Id.* § 1640(e). The statutory period generally runs from the date the loan agreement was executed. *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) ("The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed."). Here, what forms the basis for Smiley's TILA claim is unclear. But to the extent any claim is based on actions by JPMorgan in 2007, when Smiley refinanced her loan, the time period for bringing an action for damages ended in 2008. Similarly, to the extent Smiley brings a cause of action for TILA based on alleged violations by JPMorgan in 2009, when Smiley sought to modify her loan, the time period for bringing an action ended in 2010. Because plaintiff did not file this action until 2014, any TILA claims for damages are time-barred.

The Court recognizes, however, that "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of

the TILA action." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). As the Ninth Circuit has further explained, "'[e]quitable tolling' focuses on whether there was excusable delay by the plaintiff: If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs . . . . Equitable estoppel, on the other hand, focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as 'fraudulent concealment.'" *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008) (internal quotation marks and citations omitted).

Put differently, plaintiff must allege facts demonstrating that she could not have discovered the alleged violations by exercising reasonable diligence. *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 964 (N.D. Cal. 2010); *see also Hubbard v. Fid. Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (plaintiff was not entitled to equitable tolling on TILA claim where "nothing prevented [plaintiff] from comparing the loan contract, [lender]'s initial disclosures, and TILA's statutory and regulatory requirements."). Moreover, a tolling of the statute of limitations based on fraudulent concealment must be alleged with particularity, and cannot be based simply on a restatement of the TILA claims. *Robertson v. Bank of Am., NA*, No. 10-cv-3525 SBA, 2011 WL 1231003, at *3 (N.D. Cal. Apr. 1, 2011) (citations omitted).

Here, Smiley fails to allege facts showing how JPMorgan hid a TILA violation or why Smiley could not have discovered the violation until recently. Still, because the Ninth Circuit generally disfavors resolving a motion to dismiss on equitable tolling grounds unless it is clear that equitable tolling is inappropriate, plaintiff's damages claims brought under TILA are dismissed, but Smiley may seek leave to amend. *See Rai v. GMAC Mortgage*, No. 10-cv-04291 LHK, 2011 WL 337842, at *4 (N.D. Cal. Jan. 31, 2011) (citing *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

But to the extent plaintiff seeks *rescission* under TILA, such a claim is also time-barred and dismissed without leave to amend. Under TILA, a borrower generally may

6

rescind a loan within three business days after it is consummated. 15 U.S.C. § 1635(a). The right to rescission expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered . . . ." *Id.* § 1635(f). Section 1635(f) is "a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002); *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998) (TILA "permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run."). Whether the Court considers the loan transaction here as consummated in 2007 or in 2009, the time period to bring a claim for rescission under TILA expired in 2012 at the latest. Therefore, as plaintiff did not file this action until 2014, any claim for rescission under TILA is time-barred and is dismissed without leave to amend.

### C. Due Process Claims

Smiley alleges that JPMorgan deprived her of her due process rights under the Fourteenth Amendment. But Smiley has failed to allege facts sufficient to maintain a claim under that Amendment. To the extent Smiley alleges that JPMorgan violated her due process rights by instituting non-judicial foreclosure proceedings, the Court grants JPMorgan's motion to dismiss without leave to amend.

"The Fourteenth Amendment provides: 'No state shall . . . deprive any person of life, liberty, or property, without due process of law.' It thus shields citizens from unlawful governmental actions, but does not affect conduct by private entities." *Apao v. Bank of New York*, 324 F.3d 1091, 1093 (9th Cir. 2003). Thus, to withstand a motion to dismiss claim under this amendment, a plaintiff must allege facts demonstrating that the defendant's supposed unlawful conduct constitutes "state action." *Id.* In the foreclosure context in California, it is "it is well-settled law that non-judicial foreclosure proceedings do not involve 'state action,' even though such proceedings are regulated by state law."

*Geist v. Cal. Reconveyance Co.*, 10-cv-0367 CRB, 2010 U.S. Dist. LEXIS 48978, at *3-4 (N.D. Cal. May 18, 2010) (citing *Apao*, 324 F.3d at 1091).

Because JPMorgan's foreclosing on Smiley's property does not constitute "state action," Smiley's Fourteenth Amendment claim fails as a matter of law.

### D.  Claims Against Attorney

In her complaint, Smiley names attorney Amy M. Spicer as a defendant. Dkt. No. 12 at 2. As JPMorgan points out, however, Smiley neither attributes any alleged wrong doing to Spicer nor mentions Spicer anywhere else in the complaint. Because Smiley has not alleged sufficient facts against Spicer, any claims against Spicer are dismissed without leave to amend. The Court does note that in her response to JPMorgan's motion to dismiss, Smiley states, "Plaintiff hereby dismiss A. Spricer [sic] as a defendant." Dkt. No. 27 at 2. To the extent Smiley intends to dismiss all claims against Spicer, the Court agrees.

### E.  JPMorgan's Failure to Contact Smiley

Smiley alleges in part that JPMorgan never made attempts to contact her at her Stockton home address about the foreclosure.

Section 2923.5 of California's Homeowners' Bill of Rights provides that "a mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default . . . until 30 days after initial contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (e)." Cal. Civ. Code § 2923.5(a)(1). Under paragraph (2), the authorized agent must "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5(a)(2). Under subdivision (e), "a notice of default may be filed . . . when a mortgagee, beneficiary, or authorized agent has not contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact the borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent." Cal. Civ. Code § 2923.5(e). The due diligence requirements are described further in section (e).

Yet regardless of whether JPMorgan satisfied these due diligence requirements

(e.g., mortgage servicer must send certified letter, with return receipt requested, if borrower fails to respond within 2 weeks of telephone call), the only relief available under § 2923.5 is a postponement of the foreclosure sale until the lender complies.  *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (2010).  Here, Smiley alleges that JPMorgan sold her Oakland property for $93,000.  Dkt. No. 12 at 4.  Because Smiley is no longer in possession of the property, a claim under § 2923.5 based on JPMorgan's failure to notify her of the foreclosure would not survive a motion to dismiss.

## IV. CONCLUSION

JPMorgan's motion to dismiss is GRANTED and the complaint is DISMISSED. Smiley may seek leave to amend the complaint.  She will have until February 4, 2015, to file a motion for leave to amend her claims for relief.  Specifically, Smiley may seek leave to amend her claims under RESPA and TILA (though not any recession claims).  A proposed amended complaint must be attached to such a motion.  The motion should explain how the amended complaint cures the deficiencies identified in this order. Additionally, the Court warns Smiley that if her motion fails to address these specific defects, the action may be terminated without further briefing or a hearing.

For more guidance, Smiley may contact the Legal Help Center, which provides information and limited-scope legal advice to *pro se* litigants in civil cases.  The Legal Help Center requires an appointment, which can be made by calling (415) 782-8982. Smiley may also refer to the Court's *Pro Se* Handbook, available on the Court's website at http://www.cand.uscourts.gov/prosehandbook.

If Smiley chooses not to file leave, her claims will be dismissed with prejudice.

IT IS SO ORDERED.

Dated: January 15, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIONA L. SMILEY,<br><br>      Plaintiff,<br><br>      v.<br><br>JP MORGAN CHASE, et al.,<br><br>      Defendants. | Case No. 14-cv-01651-NC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 1/15/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kiona L. Smiley
9837 Milan Dr
Stockton, CA 95212


Dated: 1/15/2015

                                Richard W. Wieking
                                Clerk, United States District Court



                                By:_____
                                Lili Harrell, Deputy Clerk to the
                                Honorable NATHANAEL M. COUSINS